Green, J.
delivered the opinion of the court.
On the trial below in this case the defendant asked a witness, introduced by the plaintiffs, what credit he had seen upon the books of the plaintiffs in favor of the defendant. The plaintiffs attorney objected to the testimony, unless a copy from the books were received, showing the debits as well as the credits on the defendant’s account. The court directed the wit *23 ness to answer the question. Whereupon the plaintiffs produced two papers containing the debits and credits of the defendant’s account, and proved them to be true copies from the books. The defendant’s counsel then moved the court to exclude from the jury said evidence; but the court decided that if the defendant so proved the credits by the witness, it was competent for the plaintiff to prove such examined copy of the books as evidence of the- debits. Whereupon the defendant moved the court to withdraw from the jury said proof as to the debits and credits also; which was done by the court, and to-which the plaintiffs excepted. The plaintiffs’ 'counsel now insists, that the copy from the books had, by the action of the defendant, been made legal evidence, and as such had been placed before the jury, and that it was unlawful for the court after-wards to exclude it. And we think the argument is correct.
The Circuit Court has the right to reject any illegal testimony when offered, or if it shall have been inadvertently put before-the jury, the court may at any time during the progress of the-cause,'-exclude.it from the jury, and direct them to disregard it. But the court has no right to exclude legal testimony; and all the proof that may have been legally heard is legal testimony?though it become such by the course of examination on the adverse side. It will not do to permit one party to make experiments to obtain testimony to which he - is not legally entitled? and when he is permitted by his adversary to do so, who thereupon presents his proof to which he becomes entitled by such course of examination, to turn round and ask for the exclusion of the whole. The proof having been placed legally before the' jury, by the manner in which the parties have brought it forward, is no more liable to be excluded afterwards, than any other legal proof in the cause; although, if objected to from the proper quarter, it may not have been admissible. But although the practice of the court in the case before us was erroneous,, yet it is impossible to afford the plaintiff a remedy by reversing this judgment and ordering a new trial. This court cannot require the defendant to pursue the same course of examination on another trial, which was adopted on the former one;, and it is manifest he would not do so. Unless, therefore, he were *24 io offer to .prove his credits in the same way, the plaintiffs would get no benefit by a new trial. His honor, the Circuit Judge, excluded all the proof derivable from the plaintiffs’ books, which he might properly have done at the outset, had the defendant then objected; and as it is manifest the defendant will so object on another trial, the evidence, for the exclusion of which the plaintiffs now justly complain, will be then properly rejected.
This, like many other matters of practice in the courts below, is beyond the power of this court to correct, and must rest upon the sound discretion and responsibility of the Circuit Judges. Let the judgment be affirmed.